UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

ANESTHESIA SERVICES AFFILIATES,
as Assignee of Danny Omar, MICHIGAN
AMBULATORY SURGICAL CENTER as
Assignee of Danny Omar, and SPINE
SPECIALISTS OF MICHIGAN, P.C., as
Assignee of Danny Omar,

        Plaintiffs,

vs.

ALLSTATE PROPERTY & CASUALTY INSURANCE
COMPANY,

        Defendant.
_____/

Civil Action No.

Removed from 16th Circuit Court
Case No. 2018-000317-NF

## NOTICE OF REMOVAL

ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY ("Allstate"), by its attorneys MOBLO, FLEMING & WATT, P.C., removes this action from the Sixteenth Circuit Court, State of Michigan, where it is now pending, to the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1441(b).  In support of its Notice of Removal, Allstate states as follows:

**Procedural History of Mr. Danny Omar's Pending Lawsuit**

1. On or about January 17, 2017, 2017, Danny Omar filed suit against Allstate in the Third Circuit Court, State of Michigan, Case No. 17-001226-NF, seeking

        No-Fault PIP benefits for a September 6, 2016 motor vehicle accident.

2. During the pendency of that case in state court, Mr. Omar has continued to treat aggressively for his alleged injuries stemming from the September 2016 motor vehicle accident, as Allstate continues to regularly receive bills for treatment from various providers.

3. On October 16, 2017, the law firm of Anthony, Paulovich & Worrall, PLLC, filed an Amended Notice of Lien on behalf of Michigan Ambulatory Surgical Center and Spine Specialists of Michigan, P.C. in Mr. Omar's primary suit. **Exhibit A.**

4. On October 18, 2017, Allstate removed Mr. Omar's cause of action to federal court, where it remains pending before Hon. Stephen J. Murphy, III. [Docket Entry #1, Case No. 2:17-cv-13400.]

**Procedural History of Plaintiffs' Subject Cause of Action**

5. On or about January 28, 2018, Plaintiffs filed a separate cause of action against Allstate, claiming to be Mr. Omar's Assignees, and seeking the same No-Fault PIP benefits stemming from Mr. Omar's September 2016 motor vehicle accident. **Exhibit B.**

6. Allstate was served with the summons and complaint by certified mail on February 14, 2018. **Exhibit C.**

7. In their Complaint, Plaintiffs fail to identify any specific amount as to damages or an amount in controversy, except to aver the amount in controversy exceeds $25,000. **Exhibit B, ¶3**.

8. As it pertains to the Plaintiffs in this case, to date, Allstate has received billings totaling the following amounts:

    Spine Specialists of Michigan, P.C. = $268,850.00 billed; $11,520.75 paid;

    Anesthesia Services Affiliates, P.L.L.C. = $38,000 billed; $0 paid;

    Michigan Ambulatory Surgical Center = $158,628 billed; $0 paid.

9. Plaintiffs allege they are all Michigan corporations with principal places of business in Oak Park and Bingham Farms, Michigan. As such, Allstate contends, accepting Plaintiffs' own allegations as true, each of the corporations are deemed to be citizens of the state of Michigan for purposes of this Notice of Removal. **Exhibit B, ¶1.**

10. Plaintiff Spine Specialists of Michigan, P.C. is a Michigan professional corporation duly organized under the laws of the State of Michigan with its principal place of business in Bingham Farms, Michigan. As such, Plaintiff Spine Specialists of Michigan, P.C. is a citizen of Michigan. **Exhibit D.**

11. Plaintiff Anesthesia Services Affiliates, P.L.L.C. is a Michigan limited liability company, established in December 2014, with its principal place of business

and registered office in Michigan. Dr. Louis Radden II, the sole incorporator of Spine Specialists of Michigan, P.C. is noted to be the resident agent of Anesthesia Services Affiliates, P.L.L.C. Business filings with the State of Michigan show that Dr. Radden is the sole owner and member/manager of the LLC. **Exhibit E**.

12. Dr. Radden has been licensed as a Michigan physician since 2005[1], and public records show Dr. Radden has been continuously domiciled in Michigan; is a Michigan registered voter; owns personal and real property in the state of Michigan; and continues to renew his driver's license and register vehicles in the state of Michigan. LARA Corporations Online Filing System shows Dr. Radden owns several other corporations and companies in the state of Michigan. Based on the foregoing, Allstate contends the citizenship of Plaintiff Anesthesia Services Affiliates, P.L.L.C., as determined by the citizenship of sole member Dr. Radden, is Michigan.

13. Plaintiff Michigan Ambulatory Surgical Center, L.L.C. is a Michigan limited liability company, established in February 2013, with its principal place of

---

[1] It is noteworthy, in July 2016, the State of Michigan Medical Board filed an Administrative Complaint regarding Dr. Radden's questionable practices regarding the administration of, and billing for, epidural steroid injections and facet joint injections. **Exhibit F.** In this case, Dr. Radden's extensive billing encompasses providing numerous injections to Mr. Omar.

business and registered office in Michigan. Dr. Louis Radden II, the sole incorporator of Spine Specialists of Michigan, P.C. is noted to be the resident agent of Michigan Ambulatory Surgical Center, L.L.C. Business filings with the State of Michigan appear to show that Dr. Radden is the sole owner and member/manager of the LLC. **Exhibit G.**

14. Allstate is a corporation is a corporation duly organized under the laws of the State of Illinois with its principal place of business in Northbrook, Illinois. As such, Allstate is a citizen of Illinois.

15. Allstate contends this Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 based on diversity of the parties, and because at least one of the Plaintiffs' claims independently meets the amount-in-controversy requirement. *Gafford v. General Electric Co.*, 997 F.2d 150 (6th Cir. 1993); *Garza v. Bettcher Industries, Inc.*, 752 F.Supp. 753 (E. D. Mich 1990); *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006).

16. Allstate's Notice of Removal is timely because it is filed within thirty (30) days ..." after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based..." 28 U.S.C. §1446(b)(1).

17. The within Notice of Removal will be filed with the Clerk of the Sixteenth Circuit Court, State of Michigan, as required by 28 U.S.C. § 1446(d), and copies of the same will be served upon Plaintiffs' Counsel.

          Respectfully submitted,

          MOBLO, FLEMING & WATT, P.C.

          */s/ Prerana R. Bacon*

          _____
          Prerana R. Bacon (P69680)
          39555 Orchard Hill Place, Suite 310
          Novi, MI 48375-5523
          (734) 542-8400
          pbacon@moblofleming.com
          *Attorney for Defendant*

Dated: February 28, 2018

# CERTIFICATE OF SERVICE

I, Prerana R. Bacon, hereby certify that on February 28, 2018, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system. I hereby certify that I have mailed a copy of the foregoing document and all exhibits thereto to the following via United States First-Class Mail:

**JARROD K. ANTHONY (P75973)**
Attorney for Plaintiffs
835 Mason Street
Suite C220
Dearborn, MI 48124

I further certify that I have filed a copy of the foregoing with the Clerk of the Sixteenth Circuit Court, State of Michigan.

MOBLO, FLEMING & WATT, P.C.

*/s/ Prerana R. Bacon*

_____
Prerana R. Bacon (P69680)
39555 Orchard Hill Place, Suite 310
Novi, MI 48375-5523
(734) 542-8400
pbacon@moblofleming.com

Dated: February 28, 2018
W:\7015\PLEADINGS\NTC of Removal\NTC of Removal.wpd